UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERIOR GLASS SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 5:13-cv-05563-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"**<br><br>Re: Dkt. No. 74 |

Plaintiff Interior Glass Systems, Inc. ("Interior Glass") brings the instant motion "under Rule 59 to alter the judgment and for new trial" (Dkt. No. 74) after the court entered a judgment partially in its favor within this action for recovery of tax penalties. Defendant United States of America (the "Government") opposes the request.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1346. The court has carefully considered the parties' pleadings and the record in conjunction with the arguments made at the hearing on March 23, 2017. Because Interior Glass has not presented a viable basis for post-judgment relief, its motion will be denied for the reasons that follow.

**I.  BACKGROUND**

The court does not repeat the extensive factual recitation contained in the summary judgment order (Dkt. No. 70), but mentions some basic background information for context.

Interior Glass is a glass-installation company located in San Jose, and is owned by Mike Yates. In 2012, the Internal Revenue Service ("IRS") imposed a $40,000 penalty on Interior Glass for failing to disclose its participation in two programs involving tax deductions of life insurance

1

Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"

premiums: the Insured Security Program ("ISP") and the group term life insurance plan ("GTLP") offered by the Association for Small, Closely-Held Business Enterprises. Both of those programs were marketed to Interior Glass by the same individual, Lawrence Cronin.

Interior Glass participated in the ISP in 2008 and in the GTLP in 2009, 2010 and 2011. The IRS imposed a $10,000 penalty under 26 U.S.C. § 6707A for each of those tax years because it considered the ISP and the GTLP as "listed transactions" subject to Notice 2007-83. In relevant part, Notice 2007-83 targets "certain trust arrangements claiming to be welfare benefit funds and involving cash value life insurance policies" which were "being promoted to and used by taxpayers to improperly claim federal income and employment tax benefits." Notice 2007-83 applies to "listed transactions," which are defined as "any transaction" having four enumerated elements, or "any transaction that is substantially similar to such a transaction."

In May, 2013, Interior Glass paid the $40,000 penalty and interest of $430.12. It then filed an unsuccessful refund claim with the IRS, and commenced the instant action in December 2013.

Before this court, Interior Glass and the Government moved for summary judgment or partial summary judgment. Dkt. Nos. 30, 31, 36. The court held an initial hearing on the motions but requested supplemental briefing from both sides. Dkt. Nos. 59, 61. Another motion hearing was subsequently held, after which Interior Glass submitted an additional brief. Dkt. No. 66.

On August 12, 2016, the court issued a written order (1) granting the Government's first motion for partial summary judgment, (2) granting in part and denying in part the Government's second motion for summary judgment, and (3) granting in part and denying in part Interior Glass' motion for summary judgment. Because the Government withdrew opposition to a refund of the 2008 penalty, summary judgment was granted to Plaintiff on that issue. However, the court determined the Government was entitled summary judgment for the remaining years' penalties based on a finding that the GTLP was "substantially similar" to a "listed transaction" and thereby subject to Notice 2007-83. In accordance with these determinations, a $10,000 judgment was entered in favor of Interior Glass. Dkt. No. 71.

2
Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"

The instant motion followed.

## II.   LEGAL STANDARD

Despite its title as one to alter the judgment as well as one for "new trial," Interior Glass' motion can only arise under Federal Rule of Civil Procedure 59(e) because no trial occurred in this action. Merrill v. Cty. of Madera, 389 Fed. Appx. 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial."); United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) ("[T]he moving party's label for its motion is not controlling . . . . Rather, the court will construe it, however styled, to be the type proper for the relief requested."). The argument that Rule 59(a)(2) applies under these circumstances is unpersuasive. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) (holding that "reconsideration of summary judgment is appropriately brought under . . . Rule 59(e)"); see also Huerta v. AT&T Umbrella Ben. Plan No. 1, No. 3:11-cv-01673-JCS, 2012 U.S. Dist. LEXIS 178353, at *6-7, 2012 WL 6569369 (N.D. Cal. Dec. 17, 2012) ("Because the Court never held a trial, but rather granted summary judgment in favor of Defendant, a request for a "new trial" pursuant to Rule 59(a)(2) is procedurally improper.").

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Importantly, a Rule 59(e) motion has certain limitations. Though it permits the district court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Moreover, relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1

3

Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"

(9th Cir. 1999); Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

### III.  DISCUSSION

Interior Glass argues for relief under Rule 59(e) because it believes the court "misapprehended some of the facts presented and has made an error of law" in the summary judgment ruling which resulted in the judgment. As framed under the relevant authority, this motion primarily turns on whether the court made a "manifest" error of law or fact. Interior Glass has not shown that the court did so.

To begin, the motion is procedurally deficient. Interior Glass cannot rely on arguments and evidence it submitted in connection with the extensive summary judgment briefing that resulted in the summary judgment order and judgment. Plaintiff previously argued that § 6707A was unconstitutionally vague or overbroad because the phrase "substantially similar" was not sufficiently defined, such that Notice 2007-83 could not be enforced without specific reference to the four "elements" described therein. In connection with that argument, Interior Glass submitted a 2010 IRS workpaper and the Form 886A it received. The court reviewed those documents during its assessment of the vagueness argument, but rejected them as evidence that § 6707A was constitutionally problematic or that Notice 2007-83 was incapable of being enforced absent strict adherence to the elements. Dkt. No. 70, at 11:7-11 ("Interior Glass also speculates the IRS itself could not determine whether the GTLP was subject to penalty given the delay between its receipt of information and the issuance of a penalty notice. The court observes, however, that whether a statute is void for vagueness does not turn on whether the IRS applies or interprets § 6707A consistently, or how long it takes an agency to render a penalty decision."); 14:18-20 (recognizing that a "transaction may be substantially similar to a listed transaction even though it involves different entities or uses different Internal Revenue Code provisions.").

Interior Glass resurrects the vagueness argument and again submits the 2010 IRS

4

Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"

workpaper and the Form 886A with the instant motion. But because Rule 59(e)'s purpose "is *not* to give an unhappy litigant one additional chance to sway the judge," another examination of Interior Glass' presentation by this court is unwarranted. Garcia v. Biter, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (internal quotation omitted; emphasis preserved); accord Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of Rule 59(e) motion which "presented no arguments that had not already been raised in opposition to summary judgment"); Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) ("A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through - rightly or wrongly.'").

Similarly, Interior Glass cannot prevail under Rule 59(e) with new arguments or evidence it could have submitted previously, but did not. "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Here, the instant motion includes statements and documents which were not raised in Interior Glass' original summary judgment briefing. In particular, Interior Glass has now introduced additional deposition testimony from the IRS agent who conducted the audit and the regulatory history of 26 C.F.R. § 1.6011-4, which it uses in an effort to define the history of enforcement and intent of the IRS. Notably, however, Interior Glass makes no attempt to explain why this additional information and argument - none of which is new - could not have been presented in any of its several prior filings. Consequently, it is improper for the court to consider it now. See Sch. Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

This motion also fails on its substance because Interior Glass' arguments do not convincingly demonstrate that the judgment rests on a "manifest error of law or fact." To succeed on that theory, a moving party "must set forth facts or law of a strongly convincing nature to

5

Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"

induce the court to reverse its prior decision." Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010). "'Mere doubts or disagreement about the wisdom of a prior decision' is insufficient to warrant granting a Rule 59(e) motion." Garcia, 195 F. Supp. 3d at 1133 (quoting Campion v. Old Repub. Home Protection Co., Inc., No. 09-CV-00748-JMA(NLS), 2011 U.S. Dist. LEXIS 54104, at *5, 2011 WL 1935967 (S.D. Cal. May 20, 2011)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." Defs. of Wildlife, 909 F. Supp. at 1351.

At bottom, Interior Glass asserts that an arrangement is "substantially similar" to a "listed transaction" *only* if it exhibits each of the four elements listed in Notice 2007-83. Based on that contention, Interior Glass concludes the GTLP was not subject to Notice 2007-83's reporting requirement because it is neither a trust nor an "other fund described in § 419(e)(3) that is purportedly a welfare benefit fund." This court, however, disagrees with Interior Glass' reasoning because its interpretation renders Notice 2007-83's "substantially similar" language superfluous and meaningless. Pursuant to its plain language, Notice 2007-83 applies not just to "[a]ny transaction" that has all of the listed elements, but also to "any transaction that is substantially similar to such a transaction." And as the court explained in the summary judgment order, the phrase "substantially similar" has a meaning; it encompasses "any transaction that is expected to obtain the same or similar types of tax consequences and that is either factually similar or based on the same or similar tax strategy." 26 C.F.R. § 1.6011-4(c)(4). Applying this definition in conjunction with the remainder of Notice 2007-83, the court determined that the GTLP was "substantially similar" to a "listed transaction," and that Interior Glass was required to report its participation in the program to the IRS. Though Interior Glass may disagree with the court's application of the law to facts in the record, that disagreement does not amount to "manifest error" under Rule 59(e).

Interior Glass also raises the possibility that a mistake was made by the IRS, or that it was targeted for penalties given circumstantial evidence purportedly showing a change in the IRS'

6

Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"

enforcement of Notice 2007-83.  These suggestions are speculative.  More importantly, they are irrelevant to this court's task in relation to the issues presented because whether a penalty "should be excused is determined de novo without deference to the decision of the IRS." Pac. Wallboard & Plaster Co. v. United States, 319 F. Supp. 2d 1187, 1188 (D. Or. 2004), aff'd, 2005 U.S. App. LEXIS 25393 (9th Cir. 2005); Wells Fargo & Co. v. United States, 91 Fed. Cl. 35, 75 (2010) ("The Court conducts a de novo review in tax refund suits.").  Here, the court conducted an independent review and reached its own conclusion, regardless of the IRS' conduct, findings or commentary.  Consequently, even if the court were to consider additional testimony from the IRS agent describing how she conducted the audit or the IRS comments included in § 1.6011-4's regulatory history, such evidence would not change the decision on summary judgment.

In sum, Interior Glass has not presented a valid basis for the extraordinary relief it seeks. For that reason, its Rule 59(e) motion will be denied.

## IV.  ORDER

Interior Glass' Motion "under Rule 59 to Alter the Judgment and for New Trial" (Dkt. No. 74) is DENIED.

**IT IS SO ORDERED.**

Dated:  March 28, 2017



EDWARD J. DAVILA
United States District Judge

7

Case No.: 5:13-cv-05563-EJD
ORDER DENYING PLAINTIFF'S MOTION "UNDER RULE 59 TO ALTER THE JUDGMENT AND FOR NEW TRIAL"